Allread, J.
This action is brought to compel the defendant as probate judge to approve the appointment and fix the salary of a jail matron to have care of female, insane and minor prisoners.
It is alleged that the appointment of a person for such purpose has been made by the relator, as sheriff, and that the defendant, 'as probate judge, has, without cause, refused approval of said appointment and refused to fix a salary.
The answer of the defendant admits that the appointee is not objectionable to him, and bases his refusal to approve the appointment upon other grounds.
The cause is submitted upon a demurrer to the answer.
The right to make and have approved the appointment of a jail matron rests upon the force and effect' of the act of April 8th, 1904 (97 O. L., 86). By the terms of this act the sheriff of any county may appoint not more than three jail matrons, whose duties are defined. It is provided that—•
“No such appointment shall be made except on the approval of the probate judge, and the probate judge shall fix the compensation of said matrons, which shall not exceed $60 per month. ” •
It is contended by the relator that the power of making the appointment under this act rests solely in the sheriff, and that the discretion of the probate judge is limited to an approval or disapproval of the personal fitness or acceptable character of the appointee.
A fair and reasonable construction of the -act sustains a broader view of the discretion of the probate judge. Not merely the personal fitness of the appointee, but the appointment itself is subject to his approval. This interpretation is in hafmony with the- spirit and reason of the law as reflected from its history and the causes leading to its enactment. Special laws had been passed for the more populous counties under which jail matrons have been appointed. By recent decisions of the Supreme Court such special acts were invalidated. The Legis *7 lature deemed it necessary to meet these conditions by general laws. To prevent abuse of the general power so granted, and as a check against its unnecessary use, the approval of the appointment by the probate judge was required. Both the sheriff and probate judge must concur in the necessity and propriety of the appointment before it has any validity.
Anderson, Bowman & Anderson, for relator,
Robeson & Yount, for defendant.
This view is amply supported by law writers and adjudicated cases.
Mecham in his work on Public Officers (Section 124), says: Where the appointing power “can be exercised only by and with the consent and approval of the senate or other similar body, its exercise has no effect unless such consent or approval be given.” t
Chief Justice Marshall, in the famous ease of Marbury v. Madison, 1 Cranch, 137, declares that the delivery of the commission to an appointee is merely clerical and subject to judicial control. But that the nomination by the president and the appointment with the advice, and consent of the Senate are discretionary and political acts which are not subject to judicial control, and that an application to the court to control in any respect such discretion would be rejected without hesitation.
In Walkins v. Walkins, 2 Md., 341, a writ of mandamus to compel the Senate to act upon a nomination of the governor was denied. 23 Am. & Eng. Encyclopedia of Law, 347, and authorities cited.
It is therefore clear to my mind that the court has no authority, at least in the absence of gross abuse, to control or direct the defendant in the exercise of this discretion so confided in him by law. See Selby, Auditor, v. State, ex rel, 63 O. S., 541.
In this view of its interpretation no opinion need be offered as to the constitutionality of the act; nor as to whether the appointment, if made, would constitute an office within the meaning of the Constitution.
The demurrer to the answer is held to relate back to the petition and sustained.